UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHANGHAI SHUOXIN INTERNATIONAL CO., LTD.,

                          Plaintiff,

      – against –

EL TORO CARMESI, LLC,

                          Defendant.

**ORDER**

23-cv-08496 (ER)

Ramos, D.J.:

      The Court is in receipt of the motion to serve El Toro Carmesi, LLC by alternate means pursuant to New York C.P.L.R. § 308(5). Doc. 10. This motion is DENIED.

      Under C.P.L.R. § 308, service may be effected by "(1) personal service; (2) delivery to 'a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served' and by either mailing the summons to the person to be served at his or her last known residence [or last known place of business]; (3) service on an agent; or (4) so-called 'nail and mail' service." *Ferrarese v. Shaw*, 164 F. Supp. 3d 361, 365 (E.D.N.Y. 2016). C.P.L.R. § 308(5) provides that alternate service is permitted "if service is impracticable under paragraphs one, two and four of this section." The Court must also ensure that any alternate service requested comports with due process. *Ferrarese*, 164 F. Supp. 3d at 366.

      Shanghai Shuoxin International Co., Ltd. ("Shanghai"), filed this action on September 27, 2023. Doc. 1. An electronic summons for El Toro Carmesi, LLC was issued on September 28, 2023. Doc. 5. On October 20, 2023, Shanghai filed a letter motion seeking leave to serve El

Toro Carmesi, LLC by emailing its president and three senior officers. Doc. 10. In its letter, Shanghai describes that it conducted an online search and found three addresses associated with El Toro Carmesi, LLC: (1) 19831 Lakehurst Loop, Spicewood, Texas; (2) 6904 Hideaway Hollow, Austin, Texas; and (3) 1410 Broadway, Suite 2903, New York, New York. *Id*. at 1. Shanghai describes that its process server made six service attempts at 19831 Lakehurst Loop; six service attempts at 6904 Hideaway Hollow; and found the 1410 Broadway address to be outdated "as the defendant had vacated that location quite some time ago."[1] *Id*. at 2–3. Shanghai also submitted exhibits that document its online search and service attempts. Docs. 10–1 to 10–5.

Because Shanghai has not yet shown that service by email would comport with due process, its motion to serve by alternate means is denied. Service by email comports with due process when there is evidence that the defendant actively uses the email address in question. *See F.T.C. v. PCCare247 Inc*., No. 12 Civ. 7189 (PAE), 2013 WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013) ("Service by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant."); *see also Sulzer Mixpac AG v. Medenstar Indus. Co. Ltd*., 312 F.R.D. 329, 332 (S.D.N.Y. 2015) (finding that email service satisfied due process when the email was listed prominently on the homepage of defendant's website). Here, Shanghai has not submitted evidence showing that the email addresses it proposes to use to effect service are actively used.

**CONCLUSION**

For the foregoing reasons, Shanghai's motion to serve by alternate means is DENIED without prejudice. Shanghai may renew its application by demonstrating via affidavit that it

---

[1] The letter motion alleges this fact. The process server's supporting exhibit states that he spoke to a doorman who stated "[the] subject's [*sic*] moved long time ago." Doc. 10–5.

attempted to comply with C.P.L.R. §§ 308(1), (2), and (4), and that service is impracticable; as well as by demonstrating that service by email comports with due process.

SO ORDERED.

Dated:   October 24, 2023
        New York, New York

                                                          Edgardo Ramos, U.S.D.J.

3