UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHANGHAI SHUOXIN INTERNATIONAL CO., LTD.,

        Plaintiff,

– against –

EL TORO CARMESI, LLC,

        Defendant.

**ORDER**

23-cv-08496 (ER)

Ramos, D.J.:

    The Court is in receipt of the motion to serve El Toro Carmesi, LLC ("El Toro") by alternate means pursuant to New York C.P.L.R. § 308(5).  Doc. 13.  This motion is GRANTED.

    Under C.P.L.R. § 308, service may be effected by "(1) personal service; (2) delivery to 'a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served' and by either mailing the summons to the person to be served at his or her last known residence [or last known place of business]; (3) service on an agent; or (4) so-called 'nail and mail' service." *Ferrarese v. Shaw*, 164 F. Supp. 3d 361, 365 (E.D.N.Y. 2016).  C.P.L.R. § 308(5) provides that alternate service is permitted "if service is impracticable under paragraphs one, two and four of this section."  The Court must also ensure that any alternate service requested comports with due process.  *Ferrarese*, 164 F. Supp. 3d at 366.

    Shanghai Shuoxin International Co., Ltd. ("Shanghai"), filed this action on September 27, 2023.  Doc. 1.  An electronic summons for El Toro was issued on September 28, 2023.  Doc. 5.  On October 20, 2023, Shanghai filed a letter motion seeking leave to serve El Toro by emailing

its president and three senior officers.  Doc. 10.  Shanghai also submitted exhibits that documented its multiple attempts to serve El Toro at two Texas addresses and one New York address.  Docs. 10–1 to 10–5.  Because Shanghai had not yet shown that service by email would comport with due process, the Court denied its motion for alternate service.  Doc. 11.  In its order, the Court stated Shanghai could renew its application "by demonstrating via affidavit that it attempted to comply with C.P.L.R. §§ 308(1), (2), and (4), and that service is impracticable; as well as by demonstrating that service by email comports with due process."  *Id*. at 2–3.

Before the Court is Shanghai's renewed application for alternate service, via email to the president of El Toro, Kirstin Vohs.  Doc. 13.  On October 26, 2023, Shanghai's owner submitted a declaration stating Shanghai found three addresses associated[1] with El Toro:  (1) 19831 Lakehurst Loop, Spicewood, Texas; (2) 6904 Hideaway Hollow, Austin, Texas; and (3) 1410 Broadway, Suite 2903, New York, New York.  Shanghai describes that its process server made six service attempts at 19831 Lakehurst Loop, during one of which the owner of the address told the process server that "he has nothing to do with the company nor does he know who [the defendant's registered agent] is."  Doc 13 at 2.  Shanghai also describes that its process server made six service attempts at 6904 Hideaway Hollow, however "the occupants at this address appeared to be actively avoiding contact with the server."  *Id*.  Finally, Shanghai states that its process server found the 1410 Broadway address to be outdated.  Doc. 13.  Specifically, the process server spoke to a doorman who stated "[the] subject's [*sic*] moved [a] long time ago."  Doc. 12–5.  Shanghai has also submitted exhibits reflecting the multiple service attempts at the three addresses.  Docs. 12–3 to 12–5.

---

[1] 19831 Lakehurst Loop and 6904 Hideaway Hollow were sourced from the Texas and New York state government websites, respectively, and indicated the agent addresses for Shanghai.  The 1410 Broadway address was obtained from purchase orders between the parties.  Doc. 13.

Given the facts set forth above, Shanghai has sufficiently demonstrated that it has attempted to comply with C.P.L.R. §§ 308(1), (2), and (4), and that service is impracticable. Accordingly, the requirements of C.P.L.R. § 308(5) are met.

The Court also finds service via email to Vohs comports with due process. Service by email comports with due process when there is evidence that the defendant actively used the email address in question. *See F.T.C. v. PCCare247 Inc.*, No. 12 Civ. 7189 (PAE), 2013 WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013) ("Service by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant."); *see also Sulzer Mixpac AG v. Medenstar Indus. Co. Ltd.*, 312 F.R.D. 329, 332 (S.D.N.Y. 2015) (finding that email service satisfied due process when the email was listed prominently on the homepage of defendant's website).

Here, Shanghai has submitted evidence showing that it has corresponded with Vohs via email on December 1, 2022 and on August 14, 2023. Docs. 13–2, 13–3. According to Shanghai's owner, on September 23, 2023, Vohs was also copied on an email exchange between "my company and [the] defendant." Docs. 13 at 2; 13–1. Thus, service to Vohs, the president of the company, is reasonably likely to reach the defendant.

### CONCLUSION

For the foregoing reasons, Shanghai's motion to serve by alternate means is GRANTED. Transmission of the summons and complaint by email to Vohs is sufficient to complete service. The deadline to serve Vohs is November 30, 2023.

SO ORDERED.

Dated:   October 30, 2023
        New York, New York

_____
Edgardo Ramos, U.S.D.J.

3